## Brant v. Turnamian

*Martin S. Hohenadel* and *William A. Atlee Jr.,* for plaintiff.

*Michael D. Pipa* and *James W. Evans,* for defendant York Hospital.

HORN, *J.,* January 14, 1991 — This matter is before the court on motion of defendant York Hospital to compel pursuant to Pa.R.C.P. 4003.4.

This is a medical malpractice action arising out of the care and treatment allegedly provided by the defendants during the birth of Ryan Allen Seth Beatty on March 26, 1986. Anna M. Johnson was present during the birth.

Defendant, York Hospital learned during discovery that Loura Oster, a paralegal employed by plaintiff's counsel, recorded statements made to her by Ms. Johnson.

This action was commenced by a writ of summons and the complaint was filed on October 20, 1988. All parties have actively pursued discovery, during which plaintiff's counsel spoke with Anna Johnson, a friend of plaintiff, Debra Brant, who accompanied plaintiff to York Hospital the night of the baby's birth.

Defendant alleges that plaintiff's counsel met with Ms. Johnson on two occasions, November 7 and November 28, 1989. Defendant did not depose Ms. Johnson until April 12, 1990, when defendant learned that Anna Johnson had previously spoken to a paralegal from the office of plaintiff's counsel. Defendant York Hospital subsequently filed a motion to compel the statements on June 1, 1990. Plaintiff has filed a brief in opposition and denies the existence of any contemporaneous notes.

Defendant seeks to compel the production of the statements of Anna M. Johnson, a witness. These statements were taken by Loura Oster, a paralegal employed by plaintiff's counsel. Plaintiff alleges that the statements are essentially notes that were handwritten, neither adopted by nor signed by Ms. Johnson at the interview.

The issue before this court is whether a party should be permitted to compel counsel of an opposing party in civil litigation to produce handwritten notes which his paralegal made during an interview with a potential witness where the notes are not a verbatim recital of an oral statement and are neither adopted nor approved by the witness. (Plaintiff's brief at 2.).

We refuse defendant's motion to compel, pursuant to Pa.R.C.P. 4003.4, for the following reasons.

Under the 1978 revision of the Discovery Rules, the committee rescinded and eliminated Rule 4011(d). This subdivision precluded discovery of information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial, other than relating to the identity or whereabouts of a witness. See Explanatory Note, Rule 4003.3. "The discovery of trial preparation material is now allowable in accordance with Pa.R.C.P. 4003.3 through 4003.5." *McDevitt v. Terminal Warehouse Co.,* 304 Pa. Super. 438, 455 n.7, 450 A.2d 991, 1000 n.7 (1982).

Trial preparation material, including statements of witnesses whether taken by a lawyer or investigator, is fully discoverable, except that the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories are protected from discovery. See Explanatory Note to Pa. R.C.P. 4003.3.

Pennsylvania Rules differ from the Federal Discovery Rules in two respects. First, a moving party must show a substantial need for the materials and be unable without undue hardship to obtain a substantial equivalent by other means. Second, the work-product protection of Rule 4003.3 distinguishes between that afforded the attorney and that afforded the party's representative, whereas under the Federal Rule, equal footing is given.

"The [Procedural Rules] Committee viewed the work-product privilege enunciated . . . in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947), as stating the special rule applicable to lawyers which need not necessarily be the same as that applied to other representatives . . . Under [Rule 4003.3,] a lawyer's notes or memoranda of an

oral interview of a witness, who signs no written statement, are protected, but the same notes or memoranda made by an insurance investigator will not be protected. A signed statement of the witness is, of course, always discoverable, no matter who took it or where it is filed." Pa.R.C.P. 4003.3, Explanatory Note — 1978. See also, Standard Pa. Practice, 10 Goodrich Amram 2d, Rule 4003.3: 3. And see, *Tate v. PSFS,* 1 D.&C. 4th 131 (1987); *Breem v. Cappola,* 132 Pitts. Leg. J. 390 (1984).

The first question to be answered is whether a paralegal employed by an attorney possesses the same privilege as an attorney. We hold that communications made to a paralegal as an agent of the attorney or to his secretary are confidential and privileged. She will be treated as same as when conferring the work-product privilege to the lawyer.

Support for this position is found in legal treatises:

"When an attorney thus engaged actually hires and arranges to pay his own selected agent to do the desired preparatory work, the product of that work becomes a part of the hiring attorney's work product, just as if the work had been done by the attorney in person or by an employee of his office." 35 ALR 3d 412, 429.

The second question to be answered is whether these notes are in fact protected under the work-product privilege. Defendant contends that they do not wish to compel anything but facts that may help them in their preparation for a defense in trial. Plaintiff contends that the notes are merely that, notations of a paralegal containing mental impressions, etc.

It is apparent that the basic thrust of *Hickman, supra,* and its progeny is that documents containing the work product of an attorney or his agents which contain the attorney's thoughts, impressions, views,

strategy, conclusions and other similar information produced by the attorney in anticipation of litigation is to be protected. See e.g., *Xerox Corp. v. IBM Corp.,* 64 F.R.D. 367, 381 (1974).

Therefore, this court determines that Loura Oster, paralegal, is granted the same work-product privilege as the attorney who hired her relating to any mental impression or conclusions pertaining to this particular litigation, etc. In addition, this court rejects defendant's contention that the witness' faded memory establishes good cause. Once it was served with a complaint, defendant was free to begin its own discovery, and any loss of memory occurring after that date was due to its own inaction.

This court does not find any evidence that the notes of the paralegal contain any facts relevant to the pending trial, nor did defendant provide any such evidence. In fact, attached to plaintiff's brief in opposition of defendant's motion to compel is a copy of the section of the deposition transcript of Anna M. Johnson involving her discussions with the plaintiff counsel's paralegal. After reading the transcript, it is clear to the court that both parties have engaged in full discovery and plaintiff has submitted all relevant materials to defendant. Defendant's motion to compel plaintiff to produce the notes of Loura Oster, the plaintiff's paralegal, is refused.